## Anastasi *v.* Devlin, Appellant.

*Contracts—Building contracts—Payments—Amount due—Case for jury.*

In an action to recover a balance alleged to be due on certain building contracts, the case is for the jury and a verdict for the plaintiff will be sustained, where the claim is for work done and material furnished, and the defense is that the work was unsatisfactory and of a character to warrant the owner in excluding the builder from the premises and preventing the completion of the work.

In such case, instructions to the jury that if the plaintiff performed the work in accordance with the terms of the contract he was entitled to recover the contract price, less the amount which it would have reasonably cost him to finish the work and such payments as the defendant had made, with further instructions that if the jury found that the work was not properly done the contract was violated by the plaintiff and the latter could not recover, are without error.

Argued October 12, 1920. Appeal, No. 95, Oct. T., 1920, by defendant, from judgment of C. P. Phila. Co., Dec. T., 1917, No. 668, on verdict for plaintiff in the case of Lorenzo Anastasi v. Edward A. Devlin. Before

ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ.  Affirmed.

Assumpsit for amounts due under building contracts. Before PATTERSON, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $950.61 and judgment thereon.  Defendant appealed.

*Errors assigned* were the charge of the court and refusal of defendant's motion for a new trial.

*William B. Gary,* and with him *John F. Powell,* for appellant.

*Harry Shapiro,* and with him *Maxwell Pestcoe,* for appellee.

OPINION BY PORTER, J., March 5, 1921:

The plaintiff brought this action to recover a balance alleged to be due him for work done and materials furnished under two contracts for the repair of buildings owned by the defendant.  He recovered a verdict and judgment in the court below and the defendant appeals. The defendant thus states the questions which he asserts to be involved in this appeal, namely: "1. Are the contracts attached to the statement of claim entire?  2. When the plaintiff quit work before the work was completed was he entitled to any compensation at all?  3. When the plaintiff quit before completing the work, should he not have paid for the completion of the work and refunded all that was paid to him prior to his quitting?"  That a contractor who undertakes for a single consideration to perform the work and furnish the materials required to make specified repairs and alterations of a building cannot recover without showing substantial performance of the entire contract, unless perform-

ance has been waived or prevented by the other party, is not to be disputed. The difficulty with the case of this appellant is that the questions which he has here discussed did not arise under the issue formed by his answer to the plaintiff's statement of claim. The defendant, in his answer, admitted that the plaintiff had performed the greater part of the work called for by the contracts, but the answer averred that some of this work had not been done in the workmanlike manner by the contract required and distinctly averred that, for the reason stated, the defendant notified the plaintiff to immediately stop all work and do nothing further under the contracts. This defendant was in possession of the houses and he had the power to exclude the plaintiff from the premises and prevent the completion of the contracts. His right to do so, without compensating the plaintiff for the work which he had done and the profits which he would have made if he had been permitted to complete his contract, is an entirely different matter. The answer, stripped of redundant verbiage, really was an assertion that the work which the plaintiff had already done under the contract was of such a character as to justify the defendant in excluding him from the premises and preventing his completion of the work. The issue thus raised necessarily involved an inquiry into the character of the work which the plaintiff had already done. The evidence as to the character of that work produced at the trial was conflicting. If that produced on behalf of the plaintiff was believed, the act of the defendant in preventing the completion of the work was clearly wrong. The learned judge of the court below instructed the jury that if the plaintiff performed the work in accordance with the terms of the contract he was entitled to recover the contract price, less the amount which it would have reasonably cost him to finish the work and such payments as the defendant had made. He further instructed them: "If, on the other hand, you find that the work was not properly done, that

240, (1921).]          Opinion of the Court.

the contract was violated by the plaintiff, then the plaintiff would not be entitled to a verdict." These instructions were certainly, at least, as favorable to the defendant as he had any right to ask. The verdict of the jury must be accepted as determining that the plaintiff had done the work in the manner by the contract required and that the defendant wrongfully prevented complete performance of the contract. The specifications of error are overruled.

The judgment is affirmed.